Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/02/2026 08:08 AM CDT

1 Cono Contracting, LLC, and Mauro Rubio,
appellants, v. Catarino Lopez, appellee.

___ N.W.3d ___

Filed July 2, 2026.    No. S-25-859.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Statutes.** It is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.
3. ____. The absurd results doctrine allows a court to deviate from a statute's plain language if application of the language would lead to manifest absurdity.
4. **Statutes: Legislature: Intent.** A court may depart from statutory plain language based on the absurd results doctrine only if the result is so absurd that the Legislature could not possibly have intended it.

Petition for further review from the Court of Appeals, Riedmann, Chief Judge, and Moore and Bishop, Judges, on appeal thereto from the District Court for Douglas County, LeAnne M. Srb, Judge. Judgment of Court of Appeals vacated and retained for further proceedings.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellants.

James R. Walz, of Walz Law Offices, P.C., L.L.O., for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Papik, J.

After the Nebraska Workers' Compensation Court entered an award against Mauro Rubio and 1 Cono Contracting, LLC (collectively Rubio), and the award was filed in the district court, Rubio filed a complaint in district court in which he asked the district court to vacate the award. The district court concluded it lacked jurisdiction to do so. When Rubio appealed, the Nebraska Court of Appeals dismissed the appeal because it agreed that the district court lacked jurisdiction. We granted Rubio's petition for further review. We conclude that the district court had jurisdiction to grant at least some of the relief Rubio sought and that the Court of Appeals thus erred by dismissing the appeal.

## BACKGROUND

*Rubio Files Complaint to Vacate.*

This case began in the district court when Rubio commenced a new action by filing a complaint. He sought to vacate an award of the compensation court. In the complaint, he asserted that the compensation court had entered the award against him and in favor of Catarino Lopez. He also asserted that the award had "been transcribed over and registered" with the district court. Rubio filed his complaint to vacate as a new case, rather than filing it in the case in which the award had been filed.

Rubio alleged in the complaint that the award should be set aside for many reasons. He alleged that the award was procured by fraud, was obtained through irregularity, and was "inequitable" and "contrary to the terms of justice and applicable law." Rubio asserted that his counsel in the compensation court, a now-disbarred attorney, was permitted to withdraw on the first day of trial without prior notice to Rubio,

leaving him without counsel at trial. Rubio also alleged that Lopez had "exaggerate[ed] his injuries" and "practic[ed] a deceit upon" the compensation court.

Rubio identified Neb. Rev. Stat. § 25-2001(4) (Reissue 2016) as a basis to vacate the judgment. Alternatively, he asserted that the district court could vacate the judgment using its "equitable powers."

*District Court Grants Motion to Dismiss.*

Lopez filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and (6) (rev. 2025). In support of his motion, Lopez argued that the district court lacked jurisdiction to vacate the award entered by the compensation court. Alternatively, he contended that even if the district court had jurisdiction to vacate awards entered by the compensation court, Rubio had failed to identify a basis for vacating the award in this case.

At the hearing on Lopez' motion to dismiss, counsel for Rubio argued that under Neb. Rev. Stat. § 48-188 (Reissue 2021), judgments or awards of the compensation court, once filed in the district court, are treated as though they are judgments of the district court. And because a district court could vacate its own judgments, Rubio's counsel argued, it likewise had the power to vacate a compensation court judgment or award that has been filed in the district court. Counsel for Lopez, on the other hand, argued that district courts have no jurisdiction to vacate a judgment or award of the compensation court. Lopez' counsel argued that § 48-188 confers jurisdiction on the district court over compensation court judgments and awards but, with one exception not relevant here, this jurisdiction is "for enforcement purposes only."

Following the hearing, the district court entered an order sustaining Lopez' motion to dismiss. In the order, the district court concluded that it did not have the authority to vacate or modify a judgment or award of the compensation court. It also

concluded that Rubio's complaint "fail[ed] to state a claim for which relief can be granted under . . . § 25-2001."

Rubio appealed the dismissal of his complaint. The case was docketed in the Court of Appeals.

*Court of Appeals Dismisses Appeal.*

Before Rubio had filed an initial brief, the Court of Appeals, acting on its own initiative, dismissed the appeal for lack of jurisdiction. In a minute entry, the Court of Appeals stated that the district court lacked jurisdiction to modify an award of the compensation court. Because the district court lacked jurisdiction, the Court of Appeals reasoned, it also lacked jurisdiction of the appeal.

Rubio subsequently filed a motion for rehearing. In support of the motion for rehearing, Rubio renewed his argument based on § 48-188.

The Court of Appeals denied Rubio's motion for rehearing. Its minute entry denying the motion cited § 48-188 and *Allen v. Immanuel Med. Ctr.*, 278 Neb. 41, 767 N.W.2d 502 (2009), for the proposition that district courts have authority only for the "[e]nforcement" of judgments and awards of the compensation court.

ASSIGNMENTS OF ERROR

In his petition for further review, Rubio assigns two errors that can be effectively restated as one: Rubio contends that the Court of Appeals erred by dismissing his appeal based on its conclusion that the district court lacked jurisdiction to vacate the compensation court's award.

STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Jones*, 320 Neb. 766, 30 N.W.3d 293 (2026).

ANALYSIS

*Section 48-188.*

Both the district court and the Court of Appeals were persuaded by Lopez' argument that § 48-188 gives district courts authority only to "enforce" compensation court orders or judgments that have been filed in the district court. Now on further review, Lopez makes the same argument to us. We understand Lopez to contend that, once a compensation court judgment or award has been filed in the district court, § 48-188 would permit a district court to issue orders in aid of execution of that judgment or award, but the statute gives no authority to the district court to vacate such a judgment or award.

As we will explain, however, the reasoning of the district court, the Court of Appeals, and Lopez is at odds with the language of § 48-188. That statute provides in relevant part:

> Any order, award, or judgment by the Nebraska Workers' Compensation Court . . . which is certified by the clerk of the compensation court . . . may, as soon as the same becomes conclusive upon the parties at interest, be filed with the district court of any county or counties in the State of Nebraska upon the payment of a fee of two dollars to the clerk of the district court or courts where such order, award, or judgment is filed. Upon filing, such order, award, or judgment shall have the same force and effect as a judgment of such district court . . . and all proceedings in relation thereto shall thereafter be the same as though the order, award, or judgment had been rendered in a suit duly heard and determined by such district court . . . .

§ 48-188.

As with any statute, we are obligated to identify the plain and ordinary meaning of § 48-188, understood in context, and then give effect to that meaning. See *McGill Restoration v. Lion Place Condo. Assn.*, 313 Neb. 658, 986 N.W.2d 32 (2023). But nothing in the language of § 48-188 even suggests that once a compensation court judgment or award is filed

in the district court, the district court only has the power to issue orders in aid of execution of that judgment or award. To the contrary, § 48-188 provides that such judgment or award "shall have the same force and effect as a judgment" of the district court and that "*all proceedings* in relation thereto shall thereafter be the same as though the order, award, or judgment had been rendered in a suit duly heard and determined by such district court." (Emphasis supplied.)

Undeterred by the absence of statutory language supporting his argument, Lopez invokes cases from this court, specifically *Burnham v. Pacesetter Corp.*, 280 Neb. 707, 789 N.W.2d 913 (2010); *Allen v. Immanuel Med. Ctr.*, 278 Neb. 41, 767 N.W.2d 502 (2009); and *Koterzina v. Copple Chevrolet*, 249 Neb. 158, 542 N.W.2d 696 (1996), *disapproved, Allen, supra*. He argues that, in those cases, we have interpreted § 48-188 to give to district courts only the power to "enforce" workers' compensation awards that have been filed in the district court. But Lopez is reading those cases to say far more than they do.

The cases Lopez relies upon all recognize that under § 48-188, compensation court awards and judgments, once filed with the district court, have "the same force and effect as a judgment of such district court." Based on that premise, we have held that once a compensation court award or judgment has been filed in the district court, a party can pursue garnishment proceedings related to that judgment or award, see, *Burnham, supra*; *Koterzina, supra*, and statutes related to execution and dormancy apply to that judgment, see *Allen, supra*. But none of these cases speak to whether § 48-188 would permit a district court to vacate a compensation court award or judgment that has been filed in the district court, much less hold that the district court would lack such power.

[2] We could conclude that § 48-188 permits a district court to issue only orders in aid of execution of compensation court judgments and awards if we ignored the statutory phrase "all proceedings in relation thereto" and substituted in the

phrase "proceedings in aid of execution," as Lopez' counsel urged us at oral argument. But, as we often say, it is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute. *State v. Clausen*, 318 Neb. 375, 15 N.W.3d 858 (2025).

[3,4] Neither could we decline to apply the plain language of the statute based on the absurd results doctrine. We have recognized that the absurd results doctrine allows a court to deviate from a statute's plain language if application of the language would lead to manifest absurdity. See *Parks v. Hy-Vee*, 307 Neb. 927, 951 N.W.2d 504 (2020). But we have said that a court may depart from statutory plain language based on the absurd results doctrine only if the result is so absurd that the Legislature could not possibly have intended it. See *id.* And, given the fact that, as a tribunal of limited jurisdiction, the compensation court has limited authority to vacate or modify its own orders, see, e.g., Neb. Rev. Stat. § 48-180 (Reissue 2021); *Spratt v. Crete Carrier Corp.*, 311 Neb. 262, 971 N.W.2d 335 (2022), it is not beyond imagination that the Legislature determined that the district court should have authority to vacate compensation court awards or judgments that have been filed there.

For these reasons, we reject Lopez' argument that § 48-188 only authorizes district courts to issue orders in aid of execution of compensation court awards or judgments that have been filed in the district court. But this leaves the question of whether the district court had jurisdiction to vacate the compensation court award. We turn to that issue next.

*District Court's Equitable Jurisdiction.*

Rubio alleged in his complaint that the district court should vacate the compensation court's award both based on § 25-2001(4) and under its equitable jurisdiction. We first address whether the district court had equitable jurisdiction to vacate the compensation court award. We find that it did.

A district court has equitable jurisdiction to vacate its own judgments. See, e.g., *Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000). See, also, John P. Lenich, Nebraska Civil Procedure, § 35:15 (2026). A party may invoke the district court's equitable jurisdiction by filing a motion to vacate in the action in which the judgment was entered or by filing an independent action in that district court. See Lenich, *supra.*

As discussed above, § 48-188 provides that once a judgment or award of the compensation court is filed in the district court, the award or judgment has "the same force and effect as a judgment of such district court" and "all proceedings in relation thereto" shall be as if the award or judgment was entered by the district court. If the compensation court award in this case had been a judgment rendered by the district court, the district court would have had equitable jurisdiction to entertain an independent action to vacate that judgment. Accordingly, applying the plain language of § 48-188, we conclude that the district court had equitable jurisdiction to vacate the compensation court's award.

At the risk of stating the obvious, we express no view on the merits of Rubio's claim that the district court should have vacated the compensation court's award under its equitable jurisdiction in this case. We conclude only that it had equitable jurisdiction to do so.

*Jurisdiction to Vacate Under § 25-2001(4).*

Rubio also contends that the district court had jurisdiction to vacate the compensation court's award under § 25-2001(4). An oft-cited commentator, however, has written that proceedings to vacate or modify a judgment under § 25-2001(4) "are part of the case in which the judgment or order was entered" and that the complaint should have "the same case title and number as the judgment or order." Lenich, *supra*, § 35:13 at 1674. But in this case, Rubio did not file his complaint to vacate in the case

in which the compensation court's award was filed; he filed an independent action to vacate the award.

For reasons we will explain below, however, it is not necessary for us to determine at this stage whether the district court had jurisdiction under § 25-2001(4).

*Disposition.*

Based on our conclusion that the district court had equitable jurisdiction to vacate the compensation court's award, we find that the Court of Appeals erred by dismissing Rubio's appeal. The district court had jurisdiction to grant at least some of the relief Rubio sought, and thus, the Court of Appeals had jurisdiction of Rubio's appeal and should not have dismissed it.

As mentioned above, the Court of Appeals dismissed this appeal before any briefing had taken place. That leaves this case in an unusual procedural posture. It is likely Lopez' position that even if the district court had jurisdiction to vacate the compensation court's award, the district court did not err in finding that Rubio failed to state a claim upon which relief can be granted. But we are not currently positioned to assess whether that is correct. Rubio must first be given an opportunity to file a brief assigning and arguing error to the district court's dismissal.

Accordingly, we vacate the Court of Appeals' dismissal of Rubio's appeal. And, pursuant to our authority to regulate the dockets of the appellate courts, see Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2024), we will retain this case on our docket and will issue a briefing schedule after which the appeal will proceed in the normal course.

Because we find that the Court of Appeals had jurisdiction of the appeal and should not have dismissed it, it is not necessary for us to determine at this stage whether the district court also had jurisdiction under § 25-2001(4) to vacate the compensation court's award. That determination can wait until the matter is fully briefed and submitted for decision.

## CONCLUSION

For the reasons set forth herein, we vacate the Court of Appeals' dismissal of this appeal and retain the case on our docket for further proceedings.

VACATED AND RETAINED FOR
FURTHER PROCEEDINGS.